# PHILIP J. SPORN & ASSOCIATES

*ATTORNEYS AT LAW*

664 MORRIS PARK AVENUE
Bronx, New York 10462
Tel: 718-828-9100
Fax: 718-828-9101

PHILIP J. SPORN
Email pjs@philspornlaw.com

ROBERT J. DI GIANNI JR.

52 LINCOLN ROAD
Brooklyn, New York 11225
Tel: 718-828-4166
Fax: 718-282-4165

Legal Assistant
Margarita Vega
Tiffany N. Wilder

November 27, 2007

Via ECF and Courtesy Copy
Honorable Denise L. Cote
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 11201

    Re:    Jadotte v. Ryder, et al.
              07 CIV. 5669 (DLC)

Honorable Judge Cote:

       This letter is submitted in response to defendants' letter dated November 26, 2007, which requests an adjournment of the settlement conference currently scheduled in this case for 2:00 p.m. on November 29, 2007. While it would be unproductive to seek to force defendants to attend a settlement conference, we submit this letter in response to defendants' representations to the Court, which state that plaintiff's conduct is the cause of defendants' request.

       Defendants' insinuation that plaintiff violated the deadline for Expert Witness Disclosure is incorrect. In fact, Expert Witness Disclosure is due on or before February 29, 2008.

       Contrary to defendants' representation that "despite defendants' best efforts, we have been unable to go forward with discovery," the truth of the matter is that on August 27, 2007, plaintiff provided all relevant discovery items, including authorizations to obtain plaintiff's medical records. It was a matter of courtesy that we agreed to include a provision in the Pre-Trial Scheduling Order that plaintiff was to provide medical release forms to the defendants solely due to defendants' representation that they required *another* authorization to obtain plaintiff's hospital records.

       In addition, we explained to defense counsel that, although we had not technically served a Rule 26 Disclosure, all substantive items contained therein were addressed by plaintiff's Response to defendants Interrogatories and all relevant discovery was provided to defendants on August 27, 2007. That notwithstanding, in compliance with the Court's Order, on November 27, 2007, our office served a Rule 26 Disclosure to that effect.

Given the fact that plaintiff had provided all Discovery on August 27, 2007, the only outstanding item deemed necessary by the defendants prior to participating in a settlement conference was a deposition of the parties and the non-party witness, which were, in fact, postponed by the defendants unilaterally.

In that regard, defendants requested that a non-party deposition of reporting police officer W. Bryan be held prior to the parties' depositions. Defendant noticed the non-party deposition for Monday, November 9, 2007 and unexpectedly cancelled same during the prior week. Given the fact that the Pre-Trial Scheduling Order orders that all fact discovery (i.e. the parties' depositions) must be completed by December 7, 2007, defendants should immediately rescind their prior insistence that the non-party deposition occur prior to the parties' deposition and participate in the parties' depositions forthwith.

Plaintiff remains ready and willing to attend his deposition and conduct defendant's deposition. Moreover, plaintiff maintains that a settlement conference, if held in good-faith, should be conducted at any time. As such, while plaintiff prefers that the settlement conference be conducted as scheduled, same would be unproductive without defendants' agreement. Therefore, plaintiff consents to adjourn the settlement conference and requests that defendants conduct depositions in order that the next settlement conference may actually move forward.

Thank you.

Respectfully submitted,

PHILIP J. SPORN & ASSOCIATES

By: _____
Robert J. Di Gianni Jr. (rd1172)
rjd@philspornlaw.com

cc:  David S. Heller, Esq.
     Connors & Connors, P.C.
     766 Castleton Avenue
     Staten Island, New York 10310